[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10893

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALBA ORDONEZ-ORDONEZ,
a.k.a. Alba Ordonez Ordonez,

Defendant-Appellant.`

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00113-SCJ-JKL-1

————————————————

Before ROSENBAUM, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Alba Ordonez-Ordonez appeals her sentence of 138 months' incarceration, imposed upon her guilty plea and conviction of conspiracy to possess with intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. She argues that her sentence is procedurally unreasonable because the district court erred in calculating the drug weight for which she was responsible, erred in applying a two-level importation enhancement pursuant to U.S.S.G. § 2D1.1(b)(5)(A), and erred in applying a premises enhancement pursuant to § 2D1.1(b)(12). She also argues that her sentence is substantively unreasonable because it is more than twice the length of the 63-month sentence imposed on her codefendant, Jose Guadalupe Canizales Rivera. The government responds that the alleged errors by the district court were harmless. Having read the parties' briefs and reviewed the record, we affirm Ordonez-Ordonez's sentence.

**I.**

An error in calculating the sentencing guidelines is harmless, and we need not review it, if "(1) the district court states that it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States v. Grushko*, 50 F.4th 1, 18 (11th Cir. 2022). When evaluating such a sentence for substantive reasonableness, we determine what the applicable guideline range would be according to the defendant's

argument and then analyze the substantive reasonableness of the sentence under that guideline range. *Id.* The defendant has the burden of proving that her sentence is substantively unreasonable considering the record and the factors listed in 18 U.S.C. § 3553(a). *Id.* If the district court's error did not impact the ultimate sentence, and the ultimate sentence is substantively reasonable, remand is not appropriate. *Id.* at 18-19.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard. *United States v. Al Jaberi*, 97 F.4th 1310, 1322 (11th Cir. 2024). The party challenging the sentence must show that it is unreasonable considering the record and the factors listed in 18 U.S.C. § 3553(a). *Id.* The district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1329-30.

## II.

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The court must also consider factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, and the guidelines range. *Id.*

§ 3553(a)(1), (4). A district court need not address every factor; rather, simply acknowledging that it considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). The weight given to any of the § 3553(a) factors is left to the sound discretion of the district court, and we will not substitute our own judgment by reweighing these factors. *Al Jaberi*, 97 F.4th at 1329. A district court is not required to explicitly address all mitigating evidence or each § 3553(a) factor. *Id.* at 1330.

We will only vacate a sentence based on substantive unreasonableness if left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* The fact that a sentence is well below the applicable statutory maximum is an indication that the sentence is substantively reasonable. *Id.* The statutory maximum sentence for a violation of 21 U.S.C. § 841(b)(1)(A) is life imprisonment. 21 U.S.C. § 841(b)(1)(A). The guideline range of incarceration for a defendant with an offense level of 36 and criminal history category of I is 188-235 months' incarceration. U.S.S.G. Ch. 5, Part A.

We must consider the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). A defendant bears the burden of demonstrating that her sentence is substantively unreasonable because of an unwarranted sentencing

disparity.  *United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020).  If two defendants are not similarly situated, then any sentencing disparity between them cannot be shown to be unwarranted.  *Id.*  It is not enough for a defendant to "simply compare the sentences of other defendants" to her own, the defendant must demonstrate that there are "comparable underlying factual circumstances" such that a sentencing disparity is unwarranted.  *Id.*

## III.

The record demonstrates that the district court thrice clearly stated that, after considering all the relevant factors, it would have imposed the same sentence regardless of its rulings on the disputed guideline issues.  The district court stated this both before and after imposing Ordonez-Ordonez's sentence, and again just before the end of the sentencing hearing.  Thus, we conclude that the district court made it clear that it would have sentenced Ordonez-Ordonez to 138 months' imprisonment even if the court had sustained her objections regarding the base offense level calculation, two-level increase for importation, and two-level increase for the use of her house to manufacture methamphetamine.

Further, we conclude that Ordonez-Ordonez's 138-month sentence was reasonable even under her proposed guideline range, because it is 50 months below the bottom-of-the-range, and it is fully supported by the 18 U.S.C. §3553(a) factors.  The record shows that the district court stated that it considered each of the factors, as well as the parties' arguments and the information in the pre-sentence investigation report.  The district court thoroughly

explained its balancing of Ordonez-Ordonez's mitigating factors with the seriousness of her offense.  Moreover, Ordonez-Ordonez's objections to her sentence have no merit because we conclude that the district court did not clearly err in fairly estimating the purity of unseized methamphetamine using the tested purity of seized methamphetamine from the same shipment that allowed it to calculate the appropriate base offense level.  Also, based on the record, we conclude that the district court did not clearly err when it found that Ordonez-Ordonez's offense involved imported methamphetamine.  Last, the record shows that Ordonez-Ordonez conducted drug activities within her residence, including storing portions of the methamphetamine in her home for one month and cooking 16 kilograms of methamphetamine in her kitchen, which harmed her child.

We also conclude, based on the record, that Ordonez-Ordonez's arguments regarding the sentencing disparity between her codefendant and herself are without merit.  The district court found that Ordonez-Ordonez and her codefendant were not similarly situated, emphasizing that Ordonez-Ordonez manufactured methamphetamine inside her house, endangering her child, and that Ordonez-Ordonez conceded that her codefendant was not involved in the 16-kilogram shipment.  The district court's findings are supported by the record and a disparity between their respective sentences is not unwarranted.

Accordingly, based on the aforementioned reasons, we affirm Ordonez-Ordonez's 138 months' sentence.

**AFFIRMED.**